PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
#### WITCHITA FAILS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2023
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Robert Mendez #2279970
Plainti 's Name and ID Number   2279970

Allred Unit, Iowa Park, Texas
Place of Confinement   76367

CASE NO. _____
(Clerk will assign the number)

**7-23CV-013-O**

v. Dr. Marci J. Odal, M.D.
2101 F.M. 369 N, Iowa Park, Texas
Defendant's Name and Address   76367
Brian Collier, Director,
861 BIH 45 N, Huntsville, Texas
Defendant's Name and Address   77320
Bobby Lumpkins, Director,
P.O. Box 99, Huntsville, Texas 77342
Defendant's Name and Address
( DO NOT USE "ET AL.")

Plaintiff Demands A Trial
By Jury.
Plaintiff Invokes The
Pendent Jurisdiction
Of The Court.

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plainti , must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

II.   PLACE OF PRESENT CONFINEMENT: _James V. Allred Unit_

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Robert Mendez, No. 2279970,_
_2101 F.M. 369 N, Iowa Park, Texas 76367_

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: _Dr. Marci J. Odal, Unit Physician, Allred_
_Unit, 2101 F.M. 369 N, Iowa Park, Texas 76367_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_Subjected Plaintiff to flagrant calloused and deliberate_
_indifference_

Defendant #2: _Brian Collier, Executive Director, TDCJ, 861_
_B IH 45 North, Huntsville, Texas 77320_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_Failed To Protect Plaintiff from Dr. Marci J. Odal_

Defendant #3: _Bobby Lumpkins, Executive Director, TDCJ-CID,_
_P.O. Box 99, Huntsville, Texas 77342_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_Failed To Protect Plaintiff from Dr. Marci J. Odal_

Defendant #4: _Dr. Lanette Linthicum, Deputy Director Medical,_
_P.O. Box 99, Huntsville, Texas 77342_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Failed To Protect Plaintiff from Dr. Marci J. Odal_

Defendant #5: _Dr. Denise DeShields, Medical Director, TMHSC,_
_3901 State Jail Rd., El Paso, Texas 79938_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Failed To Protect Plaintiff from Dr. Marci J. Odal_

Rev. 05/15

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph One: Plaintiff is serving a 20 year term of imprisonment, out of Tarrant County, Texas, and was transfered from Tarrant County to TDCJ-CID. Before Plaintiff came to TDCJ-CID he did not have staff infection from being housed with other state ready prisoners. Upon his arrival to the James V. Allred Unit, Region V, Plaintiff did not have staff infection contracted from another prisoner. (See Attached Pages For Additional Paragraphs)

VI.    RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

(1) Declaratory Judgement that plaintiff has a "Special relationship" with TDCJ and its employees giving rise (See Attached Pages For Additional Relief Requested)

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

NA Robert Mendez

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): NA

2. Case number: ____ NA

3. Approximate date sanctions were imposed: ____ NA

4. Have the sanctions been lifted or otherwise satisfied? ____ YES NA NO

Rev. 05/15

4

# Statement Of Claim Continue:

Paragraph Two: April 25, 2022, Plaintiff began to experience the symptoms of Staff infection, while he was housed in Hg ECB E1-18 B, and TDCJ-CID assigned another prisoner already infected with the virus that causes Staff infection from another prison facility. The assignment occured on April 20, 2022.

Paragraph Three: Plaintiff immediately complained to security supervisors two times including to Correctional Officer Madure, who refused to listen to the complaint. Plaintiff told Correctional Officer Madure, to reassign him or his infected cell mate to another location in ECB. (Extended Cell Block) Correctional Officer did not take the remedial action to protect Plaintiff, and his condition worsened by the week.

Paragraph Four: Plaintiff submitted three I-60 Nurse's Sick Call, and on May 3, 2022, received one I-60 in return but did not ever receive a layin to go to the medical annex in ECB. A layin is required to be seen by a provider after the screening at Nurse's Sick Call. (NSC)

Statement of Claim Continued:

Paragraph Five: Plaintiff continued to seek medical treatment by speaking to Correctional Officer Williams (CO Correctional Officer), and Lieutenant Mason and told them he needed to go to the hospital. He was ordered by Lieutenant Mason to return to his assigned housing visibly sick, while Lieutenant Mason called the medical annex to see whether any medical professional would see Plaintiff. Plaintiff did not see anyone on that day, and CO Williams and Lieutenant Mason failed in their duty to protect Plaintiff with safe housing and medical treatment.

Paragraph Six: The following day Plaintiff was seen by Dr. Marci J. Odal, Unit Physician, and Plaintiff begged Dr. Odal to please send him to the hospital before his condition became worse. Dr. Odal refused to send Plaintiff to the hospital and prescribed some pills for 7 days, and Plaintiff took the pills and his condition continued to worsen.

Paragraph Seven: Plaintiff seen Dr. Odal a second time after his condition worsened, and again Plaintiff begged Dr. Odal to send him to the hospital, and again Dr. Odal, subjected Plaintiff to blatant and flagrant calloused indifference, and Director Brian Collier, and Director Bobby Lumpkins failed to protect Plaintiff, and discharge their duty owed to Plaintiff.

( 4 )

Statement Of Claim Continued:

Paragraph Eight: Plaintiff was prescribed more pills by Dr. Odal, and sent back to his housing even though he was in excruciating pain and his condition was worsened, and Plaintiff continued to seek and obtain adequate medical treatment, and Dr. Odal continued to ignore Plaintiff, and subject him to calloused and deliberate indifference, and Director Collier, Director Lumpkin, Dr. Denise DeShields, Medical Director, and Dr. Lanette Linthicum, failed to protect Plaintiff from the malicious, sadistic, wanton infliction of pain and the duty owed to protect Plaintiff and provide adequate medical treatment because of the special relationship Plaintiff had with the State of Texas.

Paragraph Nine: Nurse Young was ordered to give Plaintiff wound care. Plaintiff came to the infirmary for Nurse Young to begin the wound care. Nurse Young said, "I don't know why Dr. Odal will not send you to the hospital, but you are to infected for wound care to do any good, and sent me back to Dr. Odal.

Paragraph Ten: Plaintiff continued to see Dr. Odal, and Dr. Odal continue to subject Plaintiff to calloused and deliberate indifference, and continued to say no to Plaintiff's request to be transferred to a hospital.

Statement Of Claim Continued:

Paragraph Eleven: Plaintiff went to the infirmary the following day and spoke to Nurses Tysinger and Nelson. Plaintiff reiterated his request to be sent to a hospital. Both nurses looked at the back of Plaintiff's neck and exclaimed "Oh my God," You do need to go to the hospital. Dr. Odal continued to say no to a transfer to the hospital, and told me I gave you pills, now deal with it, and left Plaintiff in that condition.

Paragraph Twelve: Plaintiff broke down and ask Nurse Tysinger to help him. Nurse Tysinger went to a security lieutenant and told him that I needed to go to the hospital real bad, and Dr. Odal ignored the problem.

Paragraph Thirteen: On May 14, 2022, Plaintiff was finally transfered to the hospital because of the Nurses effort to see Dr. Giles, who saved Plaintiff's life after Dr. Odal refused Plaintiff's request, and after Dr. DeShields, Dr. Cinithicum, Director Lumpkins, and Director Collier, failed to protect Plaintiff and report Dr. Odal to the Medical Examiner's Board in Austin, Texas, after Dr. Giles told Plaintiff Dr. Odal waited to long to send him to the hospital.

(4)

Statement of Claim Continued:

Paragraph Fourteen: Dr. Giles examined Plaintiff's neck in the back, and did cut all the staff infection out of the area infected and took photos of the surgery at Plaintiff's request. Plaintiff remained hospitalized for twenty (20) days, until he was discharged, and reassigned to the infirmary.

Paragraph Fifteen: Plaintiff was provided a machine for the back of his neck for three (3) months, until he was returned to the hospital on July 11, 2022, and admitted for one (1) day to perform a skin graft until he was discharged and returned to prison.

Paragraph Sixteen: On July 26, 2022, Dr. Odal came to Plaintiff's room and discharged Plaintiff back to ECB, over Plaintiff's objections and pleas for mercy. Plaintiff was reassigned to ECB C-128 B, with another prisoner who had staff infection. The other prisoner was moved to another cell August 9, 2022. Plaintiff disinfected and cleaned the cell in ECB C-128.

Paragraph Seventeen: August 18, 2022, Plaintiff was layed in to see Dr. Odal, in the ECB medical annex. Plaintiff responded to Dr. Odal, "No I am not okay" because you put me in a cell with someone with staff infection." Dr. Odal remaind silent.

Statement Of Claim Continued:

Paragraph Eighteen: August 20, 2022, Plaintiff was moved to HS ECB C-209 B. For the past six (6) days begining August 26, 2022, Plaintiff experienced the symptoms of his illness.

Paragraph Nineteen: On August 31, 2022, Plaintiff was seen by Dr. Odal, and was sick again. Dr. Odal prescribed medication for fifteen (15) days, and wound care for eight (8) days, after Dr. Odal told Plaintiff "to deal with it."

Paragraph Twenty: On July 22, 2022, Plaintiff filed Step 1 grievance number 2022124151. On August 24, 2022, Laura Ferrell, Unit Manager, answered Plaintiff's Step 1 grievance. On September 2, 2022, Plaintiff filed his Step 2 grievance to appeal the answer by Laura Ferrell.

Paragraph Twenty One: On October 13, 2022, Plaintiff's Step 2 appeal was answered by the Office of Professional Standards, TDCJ Health Services Division, citing 'no further investigation is warranted.' Dr. De Shields, Dr. Linithicum, Director Collier, and Director Lumpkins continued to fail in the duty owed to Plaintiff to protect him, and provide safe housing, and adequate medical treatment because of the duty owed, and continued to fail to report Dr. Odal to the Medical Board Examiner's in Austin, Texas.

(4)

Statement of Claim Continued:

Paragraph Twenty Two: All defendants are sued in their individual and official capacities.

Paragraph Twenty Three: Plaintiff demands a trial by jury.

Paragraph Twenty Four: Plaintiff invokes the Court's pendent jurisdiction on his State law claims.

## VI Relief Requested Continued

to duty on the part of TDCJ to exercise reasonable care to protect Plaintiff from harm when that harm is reasonably forseeable; (2) Declaratory Judgement that Director Brian Collier and Director Bobby Lumpkins failed to report Dr. Marci J. Odal to the Medical Board Examiner's in Austin, Texas, pursuant to the Texas Government Code, Inmate Welfare Section, (3) Declaratory Judgement that Dr. Denise DeShields, in her official capacity as Medical Director of Texas Tech University Health Care Science Centers (TTUHSC) failed to control Dr. Marci J. Odal, and to protect Plaintiff, (4) Declaratory Judgement that Dr. Lanette Linithicum, Deputy Director, of TDCJ-CID in her official capacity failed to control Marci J. Odal, after the Step 2 grievance was filed in Huntsville October 13, 2022, (5) Declaratory Judgement that Plaintiff was subjected to calloused and deliberate indifference by Dr. Marci J. Odal, (6) Declaratory

## VI   Relief Requested Continued:

Judgement that the nurses and Dr. Giles did prevent Plaintiff's loss of life, Emergency Prospective Anjunction, that Director Brian Collier and Director Bobby Lumpkins, reports Dr. Marci J. Odal to the Medical Examiner's Board pursuant to the Texas Government Code, Inmate Welfare Section for her blatant misconduct and subjecting Plaintiff to calloused and deliberate indifference; reasonable attorney fees, and cost of court, nominal damages of one hundred dollars from each defendant; punitive damages in the amount of two hundred and fifty thousand dollars, ($250,000.00) for the pain and suffering Plaintiff was inflicted by Dr. Marci J. Odal, any other relief the court may deem Plaintiff is entitled to under the law.

## CAUSES OF ACTION

Relief can be granted under 42 U.S.C., § 1983 for the Eighth and Fourteenth Amendment violations that was maliciously and sadistically inflicted upon Plaintiff to cause the wanton suffering and pain.

Relief can be granted under the Fourteenth Amendment for the failure by Dr. De Shields and Dr. Linithicum to control Dr. Marci J. Odal.

Relief can be granted under the Fourteenth Amendment for the failure to protect by Director Collier and Director Lumpkins after notice was provided under the TDCJ-CID grievance policy.

(4)

C. Has any court ever warned or notified you that sanctions could be imposed?    _____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued.
(If more than one, use another piece of paper and answer the same questions.)

   1.  Court that issued warning (if federal, give the district and division): _____ NA

   2.  Case number: _____ NA

   3.  Approximate date warning was issued: _____ NA

Executed on: 01-23-203        Print: Robert Mendez
         DATE
                                  Robert mendz
                                 (Signature of Plainti  )

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___23rd___ day of ___January___, 20 _23_
          (Day)             (month)           (year)

                          Print: Robert Mendez
                          Robert mendz
                          (Signature of Plainti  )

**WARNING: Plainti  is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev: 05/15

Robert Mendez
#2279970, Allred Unit
2101 Fm. 369 North
Iowa Park, Texas 76367

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

U.S. District Court Clerk
U.S. District Court, N.D. Texas
Wichita Falls Division, Room 310
501 West Tenth Street
Fort Worth, Texas 76102

Re: Filing 42 U.S.C. § 1983 Civil Complaint,
Rule 8, Fed. R. Civ. Procedure, Mendez v.
Odal, et. al., No. 7-23CV-013-0

Dear District Clerk:

Please find enclosed all of the documents needed
to file my civil action with the court, including my
IFP forms and TDCJ verification.
Please file this with the court and bring it to
the court's attention as soon as your time permits.
Thank you very much for all you do for the
people in the United States with business at the district
court. If there is anything else I need to do, please
do not hesitate to notify me.

Respectfully yours,

Robert Mendez

Robert Mendez, Pro Se

cc: file
    rm

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2023
CLERK, U.S. DISTRICT COURT
By_____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WiTchiTa Fouls DIVISION**

RoberT mendez #2279970
Plaintiff's Name and ID Number

Allred UNIT Iowa Park, Texas
                                76367
Place of Confinement

**7 - 2 3 C V - 0 1 3 - 0**

CASE NO._____
(Clerk will assign the number)

v. Dr. marci J. odal. m.D.
2101 F.m. 369 N. Iowa Park, Tx 76367
Defendant's Name and Address
Brian Collier, Director.
861 B I H 45 N. HuNTsville, Texas
                                77320
Defendant's Name and Address
Bobby Lump Kins, Director
P.O. Box 99, HuNTsville, Texas 77342
Defendant's Name and Address
( DO NOT USE "ET AL.")

PlaiNTiFF Demands A Trial
By Jury
PlaiNTiFF INVukes The
PeNdeNT Jurisdiction
OF The courT

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."    *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment?  YES ✓ NO

   B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit: _____ ( Not Applicable )
   2.  Parties to previous lawsuit:
       Plaintiff(s) _____ N A
       Defendant(s) _____ N A
   3.  Court: (If federal, name the district; if state, name the county.) _____ N A
   4.  Cause number: _____ N A
   5.  Name of judge to whom case was assigned: _____ N A
   6.  Disposition: (Was the case dismissed, appealed, still pending?) _____ N A
   7.  Approximate date of disposition: _____ N A

Rev. 05/15

II.  PLACE OF PRESENT CONFINEMENT: James V. Allred

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.  PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Robert Mendez No. 2279970
2101 F.M. 369 N. Iowa Park, Texas 76367

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Dr. Marci J. Odal, unit Physician. Allred
Unit, 2101 F.m. 369 N. Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Subjected Plaintiff To Flagrant calloused and deliberate
indifference

Defendant #2: Brian Collier Executive Director, TDCJ, 861
BTH 45 North Huntsville, Texas 77320

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Failed To Protect Plaintiff From Dr. Marci J. Odal

Defendant #3: Bobby lumpkins, Executive Director, TDCJ-CID,
P.O. Box 99, Huntsville, Texas 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed To Protect Plaintiff From Dr. Marci J. Odal

Defendant #4: Dr. Lanette Linthicum Deputy Director Medical
P.O. Box 99, Huntsville, Texas 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed To Protect Plaintiff From Dr. Marci J. Odal

Defendant #5: Dr. Denise Deshields, medical Director, TUHSC,
3901 State Jail Rd. El Paso, Texas 79938

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failed To Protect Plaintiff From Dr. Marci J. Odal

3

Rev. 05/15

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph one Plaintiff is serving a 90 year Term of imprisonment out of Tarrant County Texas, and was Transfered from Tarrant County to TDCJ-CID Before Plaintiff come To TDCJ-CID, he did Not have Staff infection from being housed with other State Ready Prisoners, upon his arrival To The James V. Allred unit Region V. Plaintiff did Not have Staff infection Contracted from Another Prisoner. ( See Attached Pages For Additional Paragraphs

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

(1) Declaratory Judgement That Plaintiff has a Special Relation Ship" with TDCJ And its Employees giving Rise ( see Attached Pages For Additional Relief Requested )

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

NA Robert Mendez

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ____YES  ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): ____ N/A

2.  Case number: ____ N/A

3.  Approximate date sanctions were imposed: ____ N/A

4.  Have the sanctions been lifted or otherwise satisfied? ____YES N/A NO

Rev. 05/15

4

STATEMENT OF CLAIM CONTINUE:

Paragraph Two April 25, 2022 Plaintiff began to experience The symptoms of Staff infection while he was housed in HS ECB E1-18B; AND TDCS-CID Assignment another Prisoner Already infected with The virus That causes Staff infection from another Prison Facility. The assignment occured on April 20, 22.

Paragraph Three: Plaintiff immediately complained To Security Supervisors Two Times including To correctional Officer Madure who Refused To listen To The complaint Plaintiff Told correctional officer Madure To Reassign him or his infected cellmate To another location in E C B. (Extended Cell Block) correctional officer did Not Take the Remedial action To Protect Plaintiff AND his condition worsened by the week.

Paragraph Four: Plaintiff submitted Three I-60 Nurse's Sick Call AND on May 3, 2022, Received one I-60 in Return but did Not ever Receive a layin To go To The medical annex in ECB, A layin is Required To be seen by a Provider after The Screening at Nurse's Sick Call (NSC)

(4)

Statement of claim continued:

Paragraph Five: Plaintiff continued to seek medical treatment by speaking to correctional officer williams (co correctional officer) and lieutenant Mason and told them he needed to go to the hospital he was ordered by lieutenant Mason to return to his assigned housing visibly sick, while lieutenant Mason called the medical annex to see whether any medical professional would see Plaintiff. Plaintiff did not see anyone on that day and CO williams and lieutenant Mason failed in their duty to protect Plaintiff with safe housing and medical treatment

Paragraph Six: The Following day Plaintiff was seen by Dr. Marci J. Odal, unit Physician, and Plaintiff begged Dr. Odal to please send him to the hospital before his condition became worse Dr. Odal Refused to send Plaintiff to the hospital and Prescribed some Pills for 7 days and Plaintiff took the Pills and his condition continued to worsen.

Paragraph Seven: Plaintiff seen Dr. Odal a second time after his condition worened and again Plaintiff begged Dr. Odal to send him to the hospital and again Dr. Odal subjected Plaintiff to blatant and Flagrant Callosed indifference and Director Brian Collier and Director bobby Lumpkins Failed to Protect Plaintiff, and discharge their duty owed to Plaintiff.

(4)

Statement Of Claim Continued:

Paragraph Eight: Plaintiff was Prescribed more Pills by Dr. odal AND send back To his housing even Through he was in Excruciating Pain And his condition was worsened, And Plaintiff continued To seek and obtain Adequate medical Treatment AND Dr. odal continued To ignore Plaintiff AND subject him To calloused AND deliberate indifference And Director collier Director Lumpkin, Dr. Denise De Shields, medical Director AND Dr. Conette linthicum, Failed To Protect Plaintiff From The malicious, Sadistic, wanton infliction Of Pain AND The duty owed To Protect Plaintiff and Provide adequate medical Treatment because Of The Special Relationship Plaintiff had with The State Of Texas

Paragraph Nine: Nurse young was ordered To give Plaintiff wound care. Plaintiff came To The infirmary For Nurse young To bigin The wound care Nurse young said I dont know why Dr. odal will not send you To The Hospital but you are To infected For wound care To do any good AND send me Back To Dr. Odal

Paragraph Ten: Plaintiff continued To see Dr. odal AND Dr. Odal continue To subject Plaintiff To calloused AND deliberate indifference AND continued To say no To Plaintiff's Request To be Transfered To a Hospital

(u)

Statement of Claim Continued:
Paragraph Eleven: Plaintiff went to the infirmary
The following day and spoke to Nurses Tysinger and Nelson
Plaintiff reiterated his request to be sent to a Hospital
Both Nurses looked at the back of Plaintiff's neck
and exclaimed "Oh my God, you do need to go to the
Hospital. Dr. Odal continued to say No to a Transfer
To the Hospital and told me I gave you Pills, now deal
with it, and left Plaintiff in that condition.

Paragraph Twelve: Plaintiff broke down and ask Nurse
Tysinger to help him Nurse Tysinger went to a security
lieutunant and told him that I need to go to the
Hospital Real bad, and Dr. Odal ignored the Problem.

Paragraph Thirteen: On May 14, 2022, Plaintiff was
Finally Transfered to the Hospital because of the
Nurses effort to see Dr. Biles, who saved Plaintiff's life
after Dr. Odal Refused Plaintiff Request and after
Dr. De Shields, Dr. Linithicum, Director was Lumpkins and
Director Collier Failed to Protect Plaintiff and Report
Dr. Odal to the Medical Examiners Board in Austin, Texas
after Dr. Biles told Plaintiff Dr. Odal waited to long
to send him to the Hospital

(41)

Statement of claim continued:

Paragraph, Fourteen: Dr. Giles examined Plaintiffs neck in the back and did cut all the staff infection out of the area infected and took photos the surgery at Plaintiff's request. Plaintiff remained hospitalized for twenty (20) days, until he was discharged and reassigned to the infirmary.

Paragraph Fifteen: Plaintiff was provided a machine for the back of his neck for three (3) months, until he was returned to the hospital on July 11, 2022, and admitted for one (1) day to perform a skin graft until he was discharged and returned to prison.

Paragraph Sixteen: On July 26, 2022, Dr. Odai came to Plaintiff's room and discharged Plaintiff back to ECB, over Plaintiff's objections and please for mercy Plaintiff was reassigned to ECB C-128 B, with another prisoner who had staff infection the other prisoner was moved to another cell August 9-2022, Plaintiff disinfected and cleaned the cell in ECB C-128.

Paragraph Seventeen: August 18-2022, Plaintiff was layed in to see Dr. Odai in the ECB medical on her Plaintiff responded to Dr. Odai "no I am not okay" because you put me in a cell with someone with staff infection. Dr. Odai remained silent.

(4)

Statement of Claim Continued:

Paragraph Eighteen: August 20, 2022, Plaintiff was moved to H.S.E C B C-209B, For The Past Six (6) days begining August 26, 2022, Plaintiff Experienced The Symptoms of his Illness.

Paragraph Nineteen: On August 31, 2022, Plaintiff was Seen by Dr. cdal AND was Sick again Dr. cdal Prescribed Medication For Fifteen (15) days AND wound care For Eight (8) days after Dr. cdal Told Plaintiff To deal with it.

Paragraph Twenty: On July 22, 2022, Plaintiff Filed Step 1 grievance Number 2022124151. On August 24, 2022, Laura Ferrell Unit Manager, answered Plaintiff's Step 1 grievance. On September 2, 2022, Plaintiff Filed his Stap 2 grievance To appeal The answer by Laura Ferrell.

Paragraph Twenty one: On October 13, 2020 Plaintiff's Step 2 appeal was answered by The Office of Professional Standards, TDCJ Health Services Division, Citing "No Further Investigation is warranted" Dr. DeShields, Dr. Linithicum, Director Collier AND Director Lumpkins, Continued To Fail In The duty owed To Plaintiff To Protect him, AND Provide Safe housing AND adequate Medical Treatment because of The duty owed AND Continued To Fail To Report Dr. cdal To The Medical Board Examiner's In Austin, Texas.

(4)

Statement of Claim continued:

Paragraph Twenty Two: All defendants are sued in their individual and official capacities.

Paragraph Twenty Three: Plaintiff demands a Trial by Jury

Paragraph Twenty Four: Plaintiff invokes The Curts Pendent Jurisdiction on his State law claims.

VI   Relief Requested Continued

To duty on The Part of TDCJ To Exercise Reasonable Care To Protect Plaintiff From harm when That harm is Reasonably Forseeable.(2) Declaratory Judgement That Director Brian Collier AND Director Bobby Lump Kins Failed To Report Dr. Marci J. Odal To The medical Board Examiner's in Austin, Texas Pursuant To The Texas Borvernment Code, Inmate welfare Section,(3) Declaratory Judgement That Dr. Denise Deshields, in her official Capacety or medical Director of Texas Tech Univercity Health Care Scienu center, (TTUHCS') Failed To control Dr. Marci J. Odal AND To Proctect Plaintiff(4) Declaratory Judgemen That Dr lanette linithicumy Deputy Director of TDCJ-CID in her official capacity Failed To control Maric J. Odal after The Step 2 grievance was Filed in Huntsville October 13, 2022 (5) Declaratory Judgement That Plaintiff was subguted To Callous ed AND deliberate indifferense by Dr. Marci J. Odal (6) Declara Declaratury

(4)

## VI Relief Requested continued:

Judgement that the nurses and Dr. Biles did prevent Plaintiff's loss of life Emergency Prospective An Junction that Director Brian Collier and Director bobby lumpkins. Reports Dr. marci J. Odal to the medical Examiners Board Pursuant to the Texas Government Code, Inmet welfare Section Fur her blatant mis conduct and subyeting Plaintiff to Callonsel and delibarate indifference, Reasumable attorney Fees, and cost of court Nominal damages of one hundred dollars from each defandant, Punitive damages in the amont of two hundred and Fifty thousand dollars, ($250, 000.00) For the Pain and Suffering Plaintiff was inflicted by Dr. marci J. Odal any other Relief the court May deem Plaintiff is entitied to under the law

## CAUSES OF ACTION

Relief can be granted under 42 N.S.C, § 1983 For the Eighth and Fourteen th Anendment violations that was Maliciously and Sadistically unflicted upon Plaitiff to cause the wanton Suffering and Pain Relief can be granted under the Fourteen th Amenal ment For the Failwe by Dr De Shieids and Dr. linithieum to control Dr. Marci J. Odal.

Relief can be aganted under the FourTeen Th Amendment For the Failure to Protect by Director Collier and Director lump kins after Nutice was Provided under the TDCJ-CID Grievance Policy.

(4)

C. Has any court ever warned or notified you that sanctions could be imposed?     _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____ NA

2. Case number: _____ NA

3. Approximate date warning was issued: _____ NA

Executed on: 01 23-23
            DATE

Robert Mendez
Robert Mendez
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 01-23-23 day of 23rd, 20 23
            (Day)              (month)        (year)

Print: Robert Mendez
Robert Mendez
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

Rev. 05/15

Robert Mendez
# 2279970, Allred Unit
2101 F.m. 369 North
Iowa Park, Texas 76367

U.S. District Court Clerk
U.S District court N.D. Texas
wichita Falls Division Room 310
501 West Tenth Street
Fort Worth, Texas 76102

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2023
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Re: Filing 42 N.S.C. C 1983 Civil Complaint:
Rule 8, Fed. Rv. Procedure,   Mendez   V
Odal et al; No  7-23 CV-013-0

Dear District Clerk:
Please Find Enclosed All of The documents Needed
to File my civil action with The court including my
I F P Forms AND TDCJ verification
Please File This with The court and bring it To
The court's attention as Soon as Your Time Permits
Thank You Very much for All You do for The
People in The united State with business at The district
court Of There is Anything else I Need To do, Please
do Not hesitate To Notify Me

Respect Fully Yours:
Robert Mendez
Robert Mendez, Pro Se

cc: File
rm

Robert Mendez # 2279970
Allred Unit, 2-18
2101 F.M. 369 North
Iowa Park, Texas 76367-6568

LEGAL MAIL

District Clerk's Office
U.S. District Court, N.D. of Texas
Witchita Falls Division, Room 310
501 West Tenth Street
Fort Worth, Texas 76102.

RECEIVED
FEB - 7 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



PRIVILEGED OFFENDER MAIL
PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION